# United States District Court
## Eastern District of Michigan

United States of America  **ORDER OF DETENTION PENDING TRIAL**
     v.

Elisha Maurice Williams  Case Number: 06-30343
  (Virgin Island docket 89-14)

   Defendant

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact
☑ (1) I find that: THIS IS A VIOLATION OF SUPERVISED RELEASE. THUS, DEF HAS THE BURDEN OF SHOWING THAT THERE ARE CONDITIONS APPROPRIATE FOR RELEASE.
  ☐ there is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or _____;
  ☐ under 18 U.S.C. § 924(c).

(2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings
☐ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

☐ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention
I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):
  ☑ (a) nature of the offense–case is very old, this is violation of supervised release following conviction for theft in Virgin Islands.
  ☑ (b) weight of the evidence–post conviction proceedings, evidence of non-reporting strong
  ☑ (c) history and characteristics of the defendant
    ☑ 1) physical and mental condition–stable, no known mental issues
    ☑ 2) employment, financial, family ties–all family in Detroit, except for 22 year old son in Florida
    ☑ 3) criminal history and record of appearance–previous violation of supervised release, continued, then failed to report. Two outstanding misdemeanor state warrants for failure to appear
  ☑ (d) probation, parole or bond at time of the alleged offense–currently on supervised released
  ☑ (e) danger to another person or community–NONE

**Def has been on absconder status since 2000, although has resided at same address here previously given to probation. Has received some substance abuse treatment in the past and there is no evidence of substance abuse at this time. However, previously was an absconder, continued on probation in 1999 but did not follow through and stopped reporting 2000. No evidence of flight. Has remained in the community at same address.**

**Underlying charges here were theft only, most of family is in Detroit.**

**Jurisdiction is being transferred from Virgin Islands. When that happens, court will reconsider bond upon request of defendant.**

**Def a good candidate for discharge from prob/supervision with credit for time served.**

**Part III – Directions Regarding Detention**

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
|  | s/Virginia M. Morgan |
| *Date* 7/12/2006 | *Signature of Judge* |
|  | Virginia M. Morgan, United States Magistrate Judge |
|  | *Name and Title of Judge* |